IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MITZI BEACHEM, as Special Administratrix
of the Estate of Debbie Boehm, Deceased PLAINTIFF

v. Case No. 6:25-cv-6025

DOC-1455 HIGDON FERRY
ROAD MOB, LLC; JOHN DOES 1–3;
JOHN DOES ENTITIES 1–3 DEFENDANTS

**MEMORANDUM OPINION & ORDER**

Before the Court is Defendant DOC-1455 Higdon Ferry Road MOB, LLC's ("Higdon Ferry") Motion for Summary Judgment. ECF No. 15. Plaintiff Mitzi Beachem, as Special Administratrix of the Estate of Debbie Boehm, Deceased, has responded. ECF No. 20. Higdon Ferry has replied. ECF No. 21. The Court finds the matter ripe for consideration.

## I. BACKGROUND[1]

Higdon Ferry owns a medical treatment facility building located at 1455 Higdon Ferry Road in Hot Springs, Arkansas (the "Property"). At the time relevant to this matter, CHI St. Vincent operated a cancer treatment center within the Property. On October 28, 2022, Debbie Boehm ("Boehm") visited the Property to receive cancer treatment from CHI St. Vincent. That day, while walking through a "drive-thru" area at the front of the Property, Boehm fell and suffered a significant lower body injury. Boehm subsequently told responding paramedics that she fell after slipping on oil.

[1] The parties have made a recitation of the factual underpinnings of this case difficult. Higdon Ferry presents a list of asserted facts for its Statement of Undisputed Facts (ECF No. 16, at 2–3), but does not cite to material in the record to support those assertions as required by Federal Rule of Civil Procedure 56(c)(1)(A). Plaintiff's Statement of Undisputed Facts (ECF No. 20, at 2–4) similarly neglects to cite to material in the record for most of her asserted facts. However, Plaintiff does admit to several of the asserted facts within Higdon Ferry's statement of facts. ECF No. 20, at 2. The Court will utilize those admitted facts to create a basic narrative for understanding the claim in this case.

On September 8, 2023, Boehm filed her initial Complaint against CHI St. Vincent and numerous John Doe individuals and entities in the Circuit Court of Garland County, Arkansas. ECF No. 3. On July 11, 2024, Boehm submitted an Amended Complaint, which added Higdon Ferry as a Defendant. ECF No. 6. The Amended Complaint brings a claim of negligence based upon premises liability, alleging that Defendants' failure to maintain the premises of the Property in a reasonably safe condition proximately caused Boehm's injury via her slipping on a patch of oil. ECF No. 6, at 3–5. Boehm demands "judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate her for her damages." ECF No. 6, at 6. Boehm later moved to dismiss its claims against CHI St. Vincent, and the Circuit Court granted that request. ECF No. 2-1, at 90–95.

On March 5, 2025, after Boehm dismissed CHI St. Vincent, Higdon Ferry removed this action to this Court pursuant to 28 U.S.C. § 1441, asserting subject matter jurisdiction under 28 U.S.C. § 1332(a).[2] ECF No. 2. On October 21, 2025, Plaintiff's counsel filed a Motion to Substitute Party (ECF No. 11) and Suggestion of Death (ECF No. 12). The Suggestion of Death stated that Boehm was now deceased and that Mitzi Beachem ("Beachem") had been appointed as Special Administratrix of the Estate of Debbie Boehm.[3] ECF No. 12. The Motion to Substitute Party sought to substitute Beachem as the Plaintiff in this matter, as she was now the real party in interest for Boehm's negligence claim. ECF No. 11. Higdon Ferry did not file any response to the motion to substitute. On November 5, 2025, the Court granted the motion to substitute, making Beachem the new Plaintiff in this action. ECF No. 13.

---

[2] The Court is satisfied that it has subject matter jurisdiction over this action at the time of removal pursuant to 28 U.S.C. § 1332(a) because Boehm is a citizen of Arkansas, Higdon Ferry is a citizen of Wisconsin with its principal place of business in Colorado, and the amount in controversy exceeds $75,000. Also, the Court has not been given any indication that the later substitution of Mitzi Beachem as Plaintiff destroyed diversity.

[3] Though never directly stated by the parties, excerpts from Beachem's deposition implies that she is Boehm's daughter. ECF No. 21-3, at 3.

On December 5, 2025, Higdon Ferry filed the instant motion for summary judgment and brief in support. ECF Nos. 15 & 16. Higdon Ferry argues that the record cannot establish Plaintiff's negligence claim, and, alternatively, that the action must be dismissed because of the untimely substitution of Beachem as the Plaintiff.[4]

## II. LEGAL STANDARD

"Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Hess v. Union Pac. R.R. Co.*, 898 F.3d 852, 856 (8th Cir. 2018). Summary judgment is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *See id.* at 248. A dispute is genuine if the evidence is such that it could cause a reasonable fact finder to return a verdict for either party. *See id.* at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in the light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir.

[4] To date, none of the John Doe entities have been identified and served, and the time to do so has passed. *See* Fed. R. Civ. P. 4(m) (noting that a defendant must be served within 90 days of the filing of a complaint); *and see* ECF No. 10 (stating that any motion to amend pleadings or join parties must be filed no later than 60 days before the close of discovery).

1995). However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. "The failure to oppose a basis for summary judgment constitutes waiver of that argument, because the non-moving party is responsible for demonstrating any genuine dispute of material fact that would preclude summary judgment." *Paskert v. Kemna-ASA Auto Plaza, Inc.*, 950 F.3d 535, 540 (8th Cir. 2020) (internal quotation marks omitted).

## III. DISCUSSION

### A. Applicable Law

Federal courts exercising diversity jurisdiction under 28 U.S.C. § 1332(a) typically apply the substantive law of the forum state. *Olmstead Med. Ctr. v. Cont'l Cas. Co.*, 65 F.4th 1005, 1008 (8th Cir. 2023). The events underlying this case occurred in Arkansas, and the parties utilize Arkansas law when making their arguments. Accordingly, the Court applies Arkansas law to the substantive issues raised in this instant motion.

### B. Negligence Claim

The Amended Complaint summarizes the negligence claim as "a premises liability case" arising from Boehm's fall at the Property on October 28, 2022. ECF No. 6, at 3. Plaintiff alleges that Boehm walked through the Property's parking lot and slipped on a "spill" of oil in the "drive-thru" area, which resulted in Boehm's injuries. ECF No. 6, at 4. Plaintiff then alleges that Defendants "owed Plaintiff a duty to use reasonable and ordinary care to maintain the premises in a reasonably safe condition" and were negligent by failing to "properly mark, warn, or otherwise identify the oil spill on the asphalt" and by failing to "use ordinary and reasonable care to maintain the premises in a reasonably safe condition by failing to clean the oil spill or guard invitees from

encountering the hazardous spill." ECF No. 6, at 5. Plaintiff asserts that this negligence proximately caused her fall and subsequent injuries. ECF No. 6, at 5.

The broad principles of a negligence claim under Arkansas law are well established:

> [I]n order to prevail on a claim of negligence, the plaintiff must prove that the defendant owed a duty to the plaintiff, that the defendant breached that duty, and that the breach was the proximate cause of the plaintiff's injuries. The burden in a negligence case is always on the party asserting the claim; negligence is never assumed. Negligence may be established by direct or circumstantial evidence, but a plaintiff may not rely on inferences based on conjecture or speculation. Substantial evidence is not present where a fact-finder is merely given a choice of possibilities that requires the fact-finder to guess as to a cause. The mere fact of an accident does not give rise to an inference of negligence.

*Yanmar Co., Ltd. V. Slater*, 386 S.W.3d 439, 449 (Ark. 2012) (internal citations omitted). Further, the "principles that govern slip-and-fall cases have been frequently stated by" the Supreme Court of Arkansas. *Wal-Mart Stores, Inc. v. Regions Bank Trust Dept.*, 69 S.W.3d 20, 23 (Ark. 2002).

> Those principles are set against the general backdrop that an owner has a duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of invitees. To establish a violation of that duty, the plaintiff must prove either: (1) that the presence of a substance upon the floor was the result of the defendant's negligence, or (2) the substance had been on the floor for such a length of time that the defendant knew or reasonably should have known of its presence and failed to use ordinary care to remove it. With respect to part two of this test, the burden is on the plaintiff to show a substantial interval between the time the substance appeared on the floor and the time of the accident. The mere fact that a person slips and falls does not give rise to an inference of negligence. Also, the presence of a foreign or slick substance which causes a slip and fall is not alone sufficient to prove negligence, but instead, it must be proved that the substance was negligently placed there or allowed to remain.

*Id*. at 23–24 (internal citations omitted).

Higdon Ferry contends that the record cannot establish either the existence of any duty it owed to Boehm or the violation of such duty. ECF No. 16, at 5-7. Higdon Ferry first argues that Plaintiff failed to present any expert testimony to establish what duty or standard of care it owed regarding upkeep at the Property. Higdon Ferry then argues that there is no evidence in the record

to show any act of negligence that resulted in the alleged oil being present at the "drive-thru" area or to show that the oil was there for a length of time that inherently demonstrates negligence. Higdon Ferry adds that Plaintiff has not identified any witnesses to Boehm's fall or presented admissible evidence as to the proximate cause of Boehm's fall.

In response, Plaintiff contends that the record indicates that there are questions of fact regarding Higdon Ferry's negligence that should be resolved by a jury. ECF No. 20, at 5–7. Plaintiff first notes that Higdon Ferry had the clearly recognized duty to keep the premises of the Property reasonably safe for invitees such as Boehm. Plaintiff then argues that because she "is not arguing that Defendant's employees caused the oil substance to be on the ground, Plaintiff does not have the burden to prove how the substance came to be on the ground, just that Defendant, through its employees and/or agents should have known about the presence of the substance and failed to use ordinary care to remove it." ECF No. 20 at 5. Plaintiff implies that the presence of the oil at a heavily trafficked area near the entrance to the cancer center creates a question of fact as to whether the oil was present on the ground for an amount of time demonstrating negligence. Plaintiff also notes that Higdon Ferry filed the instant motion prior to the discovery deadline and that further depositions will be taken to provide evidence supporting her claim.

In reply, Higdon Ferry argues that Plaintiff failed to offer any record evidence to dispute that she has failed to establish the standard of care or that there is a complete lack of evidence regarding how long the patch of oil was present prior to her fall. ECF No. 21, at 3–8. Higdon Ferry reiterates its argument about expert testimony before asserting that Plaintiff is functionally proceeding with her claim under the assumption that Boehm's fall is itself evidence of negligence. Noting that Plaintiff disclaimed any argument that Higdon Ferry's negligence directly resulted in the presence of the oil patch, Higdon Ferry then contends that Plaintiff's failure to present any

evidence of how long the oil was present prior to Boehm's fall is fatal to her claim.

The Court finds that Plaintiff has failed to establish her negligence claim because she cannot show a breach of any duty by Higdon Ferry.[5] The most Plaintiff can show is that Boehm slipped on a patch of oil, which caused her fall and injuries.[6] But the mere fact of Boehm's fall "does not give rise to an inference of negligence." *Wal-Mart Stores*, 69 S.W.3d at 24. Rather, Plaintiff must have some evidence to show that the oil on which Boehm slipped was placed there through Higdon Ferry's negligence or was there for a duration of time such that Higdon Ferry knew or should have known of its presence. *See id*. at 23–24. Plaintiff renounces that she proceeds on the former theory, and she has not presented evidence to establish the latter. There is nothing in the record regarding how the oil came to be there or how long it was there prior to Boehm's fall. Seeming to understand the lack of evidence for this aspect of her claim, Plaintiff argues that Higdon Ferry should not avoid liability "by arguing that Plaintiff should have to prove exactly when the oil was first spilled on the ground." ECF No. 20, at 6. Plaintiff's reasoning runs directly counter to the principles governing her negligence claim. *See Slater*, 386 S.W.3d at 449 ("The burden in a negligence case is always on the party asserting the claim; negligence is never assumed."); *Wal-Mart Stores*, 69 S.W.3d at 24 ("[T]he burden is on the plaintiff to show a substantial interval between the time the substance appeared on the floor and the time of the accident."). Without evidence to establish that Higdon Ferry breached its duty to maintain the

---

[5] Though not relevant to the Court's decision, the Court does note Higdon Ferry's mistaken assertion that Plaintiff must establish Higdon Ferry's duty of care through expert testimony. Higdon Ferry cites no support for this assertion, and Arkansas law clearly states that a property owner has a "duty to exercise ordinary care to maintain the premises in a reasonably safe condition for the benefit of invitees." *Wal-Mart Stores*, 69 S.W.3d at 23.

[6] Pictures purportedly showing Boehm's shoes and pants from the day of the fall have stains that could demonstrate that Boehm stepped and fell on a patch of oil. ECF Nos. 20-1 & 20-2. Beachem testified in her deposition to seeing oil spots on Boehm's pants when she arrived at the ER. ECF No. 20-3, at 3. A patient care narrative from the EMS personnel who responded to Boehm's fall states that others around Boehm mentioned that she slipped on an oil spot. ECF No. 20-4, at 1.

premises of the Property in a reasonably safe condition, Plaintiff's claim necessarily fails.[7] *Wal-Mart Stores*, 69 S.W. 3d at 23–24.

**C. Improper Substitution**

Higdon Ferry alternatively argues that Plaintiff's claim must be dismissed because she did not adhere to the requirements of Federal Rule of Civil Procedure 25(a) when substituting Beachem in place of Boehm. ECF No. 16, at 7–8. Because the Court determined above that Higdon Ferry is entitled to summary judgment on Plaintiff's negligence claim, it declines to consider this argument.

## IV. CONCLUSION

For the reasons stated above, Defendant Higdon Ferry's Motion for Summary Judgment (ECF No. 15) is hereby **GRANTED**. Accordingly, Plaintiff's claim is hereby **DISMISSED WITH PREJUDICE**. The Court shall issue a Judgment of even date.

**IT IS SO ORDERED**, this 18th day of August, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
Senior United States District Judge

[7] Plaintiff's protests regarding the instant motion being filed prior to the close of discovery are unavailing. In the roughly seven months since her response, Plaintiff has made no attempt to supplement the record or request leave from the Court to do so.